No. 11,547.

FORREST ET AL. *v.* HAMILTON ET AL.

CONTRACT.—*Conditional Sale.*—*Title.*—*Indebtedness.*—A written contract, reciting that H. has bought from D. a threshing machine for the sum of .$450, and that there is still due to D. $124.05, and it is agreed that the title to said property shall not pass, but remain and vest in D., till said amount is fully paid to him, signed by H., is a conditional sale, which creates an indebtedness that renders H. liable.

From the Madison Circuit Court.

*G. M. Ballard, M. A. Chipman* and *J. W. Sansberry, Jr.,* for appellants.

*H. D. Thompson* and *T. B. Orr,* for appellees.

FRANKLIN, C.—Appellees sued appellants before a justice of the peace on an account for work and labor. There was an answer filed consisting of a denial, payment and set-off. There was a trial before the justice, and judgment rendered for the plaintiffs. On an appeal to the circuit court, judgment was again rendered for the plaintiffs, after overruling a motion for a new trial.

The error assigned is the overruling of the motion for a new trial.

The reasons stated for a new trial are: That the finding of the court was contrary to law, and not sustained by sufficient evidence, and error of the court in excluding as evidence the agreement contained in the answer of set-off.

The third specification of error is founded upon a mistake.

The record shows that the agreement, instead of being excluded as evidence, was read in evidence on the trial before the court.

The only question to be considered is as to whether there was sufficient evidence to sustain the finding of the court.

It is insisted by appellants' counsel that the court below construed the agreement in the set-off, so as not to consti-

tute a sale, or any indebtedness upon which an action would lie, or upon which a set-off could be predicated.

The agreement reads as follows:

"ELWOOD, INDIANA, July 27th, 1882.

"This agreement witnesseth that we, A. H. Hamilton and W. F. Hamilton, have this day bought of D. C. Dehority a new Massilon threshing machine for the sum of $450, and that there is yet due said D. C. Dehority $124.05 thereon, and it is agreed that the title to said property shall not pass, but remain and vest in said Dehority, till said amount is fully paid to him." Signed by the plaintiffs and endorsed by Dehority to the defendants.

There can be no doubt but that this was a conditional sale, which created an indebtedness that rendered the defendants liable. But it is insisted by appellees' counsel that appellants have misconceived the foundation of the finding of the court; that the court based its finding for the plaintiffs on the ground that they had fully paid for the machine, otherwise than including the claim sued on, and that there was evidence of the payment to support the finding of the court.

While the evidence was conflicting, there was clearly evidence tending to prove that the machine had been paid for, independent of the claim sued on, and in such cases this court will not reverse the judgment.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be affirmed, with costs.

Filed Oct. 18, 1884.